IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHAD STEVEN DELANO                                                      PLAINTIFF

      v.      Civil No. 5:18-cv-05023

SHERIFF SHAWN HOLLOWAY;                                                 DEFENDANTS
DAWN OSBORNE, Kitchen Supervisor;
LIEUTENANT ROBIN HOLT; THEMA
SNODGRASS; DEPUTY CHRISTOPHER
FOSTER; and DEPUTY CHARLIE LONG

## **OPINION**

Plaintiff, Chad S. Delano, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

According to the allegations of the Complaint (ECF No. 1), on January 11, 2018, inmates at the Benton County Detention Center were served contaminated food. Plaintiff indicates he was served lunch at around 11:30 a.m. After lunch on January 11th, Plaintiff took a nap. Plaintiff alleges that he woke up approximately two to three hours later feeling sick to his stomach and having dizzy spells.

Plaintiff asserts that he then began vomiting followed by "really bad" diarrhea. Plaintiff alleges he was sick with stomach pains and diarrhea for about a week.

Plaintiff alleges Sheriff Holloway, Lieutenant Robin Holt, Dawn Osborne, and Thema Snodgrass were negligent in the performance of their jobs when they allowed, and/or

1

participated in the serving of contaminated food to the inmates resulting in sickness throughout the jail. With respect to Deputy Long, Plaintiff alleges he was on duty when the trustees were handing out the contaminated food.

Plaintiff also alleges that the trustees were placing the sporks in the drinks. When Plaintiff was given his drink, he pulled the spork out and discovered it had food all over it. Plaintiff alleges that Deputy Foster would not allow him to exchange the spork for a new one. Further, Plaintiff alleges the Deputies allowed the sporks to be dumped on the cart which has "never been washed." Plaintiff maintains this contaminated the sporks which were then handed out. When Deputy Long was told about the contaminated sporks, Plaintiff alleges his response was that he "did not care."

Plaintiff sues the Defendants in both their individual and official capacities. As relief, he asks for compensatory damages.

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded

2

... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### III.  DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). To the extent Plaintiff attempts to assert a negligence claim, it is insufficient as a matter of law.

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment.[1] U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause

---

[1] Plaintiff is a pretrial detainee. However, the Eighth Circuit has consistently applied the Eighth Amendment to conditions of confinement claims brought by pretrial detainees. *See e.g., Davis v. Oregon Cnty., Missouri*, 607 F.3d 543, 548 (8th Cir. 2010) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment") (internal quotation marks and citation omitted).

of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Prison conditions claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim, the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the detention facility that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994) (quoting *Wilson v. Sieter*, 501 U.S. 294 (1991)).

The deliberate indifference standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 2 (1992) (The objective component is "contextual and

responsive to contemporary standards of decency") (quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Brown v. Nix*, 33 F.3d 951, 954-55 (8th Cir. 1994). The subjective component "requires proof of a reckless disregard of a known risk." *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (citation omitted).

Prisoners are entitled to a reasonably adequate diet. *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980). However, in this case, Plaintiff's main allegation is that he was served contaminated food on a single occasion. Plaintiff does not allege he was routinely served contaminated food or that food was routinely prepared in a manner presenting an immediate danger to his health. *See e.g., Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).

In *Islam v. Jackson*, 782 F. Supp. 1111, 1114-15 (E.D. Vir. 1992), the court held that serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment. In *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988), in a case nearly identical to the one before us, the court held that "a single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute violations of the constitutional rights of the affected prisoners." *Id.* In so holding, it noted that it was confronted with "a single incident of mass food poisoning of the kind occasionally experienced by those in military service or in other institutional settings, as well as individually in the more routine course of daily life." *Id.; see also Bennett v. Misner*, No. Civ. 02-1662-HA, 2004 WL 2091473, *20 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation"). Plaintiff's allegations that he

was served contaminated food on a single occasion and became temporarily ill as a result are insufficient to state a claim of constitutional dimension.

With respect to the sporks, Plaintiff alleges he received one that was contaminated with food particles. He also alleges the trustees dumped the sporks on a serving cart that he asserts had not been cleaned. Plaintiff does not allege if this "dumping of the sporks" occurred on a daily basis, a more sporadic basis, or only on the single occasion. He does not allege that he became ill as a result of the one incident on which food was on his spork or as a result of the sporks being dumped on the cart. In short, Plaintiff has failed to allege an objectively sufficiently serious deprivation.

Further, with respect to Sheriff Holloway and Lieutenant Holt, Plaintiff has not alleged either directly participated in the alleged unconstitutional violations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citation omitted). "A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, the supervisor must be personally involved in the alleged constitutional violation or his corrective inaction must constitute deliberate indifference towards the constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

In *George*, the Fifth Circuit stated that "[i]f prisoners regularly and frequently suffer from food poisoning with truly serious medical complications as a result of particular, known unsanitary practices which are customarily followed by the prison food service organization, and the authorities without arguable justification refuse to attempt remedial measures, the requisite indifference might well be manifested or inferred." *Id.* at 707. In this case, Plaintiff has made no allegations sufficient to establish a basis for supervisory liability.

6

Plaintiff's official capacity claims are the equivalent of claims against Benton County. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Grayson v. Ross*, 454 F.3d 802, 810-811 (8th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged the existence of any custom or policy of Benton County that was a moving force behind the alleged constitutional violations.

## IV. CONCLUSION

No plausible claims are stated. This case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

The dismissal of this case constitutes a strike within the meaning of the Prison Litigation Reform Act. The **Clerk** is directed to place a § 1915(g) strike flag on this case.

IT IS SO ORDERED on this 23rd day of February 2018.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE